## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**SHARON LOCKETT CHRIST,**
**# ASO08MNI020814**

        **Plaintiff,**

**vs.**                        **CASE NO. 1:08-CV-221-MMP/AK**

**BYRD,**
**GAINESVILLE POLICE DEPARTMENT, et al.,**

        **Defendants.**

_____/

### O R D E R

      This cause is before the Court upon referral from the Clerk of Court.  Plaintiff, an

inmate proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983.  Doc. 1.

Local court rules provide that no "civil action commenced by *pro se* litigants under 42

U.S.C. § 1983, 28 U.S.C. §§ 1331, or 1346, shall be considered by the court unless the

appropriate **forms have been properly completed and filed by the litigant**."  **N.D.**

**Fla. Loc. R. 5.1(J)(2).  Plaintiff must, therefore, submit an "amended complaint,"**

**clearly designated as such, on court forms which will be provided to him by the Clerk of Court.**

As a secondary problem, Plaintiff has failed to file a motion to proceed in forma pauperis and provide the inmate account information that is to be certified by a Prison Official and necessary to assess a partial filing fee.     Section 1915, as amended by the "Prison Litigation Reform Act of 1995 (hereinafter "PLRA"), requires the court to assess an initial partial filing fee on all inmates who are permitted to proceed *in forma pauperis*.  Under the PLRA, all prisoners will eventually pay the district court's entire $350 filing fee when bringing a civil action, or filing an appeal, *in forma pauperis*.  If a prisoner's account statement shows that he cannot pay even the required initial partial fee, the civil action may nevertheless proceed; however, the total $350 fee will be assessed and deducted from future deposits to Plaintiff's prison account until the total filing fee is paid.  Fees are not refundable, regardless of dismissal of the action. [The obligation to pay the full amount of the filing fee continues even if Plaintiff is released from prison.]  Even after the initial partial fee is paid, the PLRA requires this court to dismiss the case at any time if it determines that the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Furthermore, § 1915(g) prohibits a prisoner from filing any further suit or appeal without full prepayment of the filing fee if the prisoner has had three actions or appeals dismissed on one of the previously mentioned grounds set out in Section 1915(e)(2).

The Court must assess an initial partial filing fee based on the average monthly deposits in Plaintiff's prison bank account in accordance with 28 U.S.C. § 1915(b)(1).  Thus, Plaintiff must submit a computer printout for his inmate bank account for the six (6) month period immediately preceding the filing of the complaint; i.e., the period from **APRIL 17, 2008 thru OCTOBER 17, 2008.**  Plaintiff must obtain account statements from the appropriate official of each prison at which he is, or has been, confined for the six (6) month period prior to the filing of this complaint.  If Plaintiff was <u>not</u> incarcerated during any portion of this time period, he must specifically advise the court.

Accordingly, it is

**ORDERED:**

1.  The Clerk of Court is directed to forward to Plaintiff two (2) § 1983 complaint forms along with one additional copy of his complaint, if available, so that Plaintiff can file his amended complaint in its entirety.

2.  The clerk of court shall also forward to Plaintiff an application for leave to proceed *in forma pauperis,* prisoner consent form and financial certificate.  Which must be completed by an authorized official.

3.  Plaintiff shall have until **NOVEMBER 26, 2008**, to file an amended complaint on the proper forms, and either: (1) file a computer printout of the transactions in his prison account as directed in this order along with a completed application to proceed *in forma pauperis*, or (2) pay the full $350.00 filing fee, or (3) file a notice of voluntary dismissal of this case pursuant to Fed.R.Civ.P. 41(a).

4.   Another issue concerning the Court is address provided by the Petitioner. Petitioner says he is in incarcerated in the Alachua County Jail.  However, he provides a mailing address that is inconsistent with the address of the Alachua County Jail and the Court's ability to mail Petitioner forms that need to be completed and certified by prison officials where the Petitioner is held.  However, if the Petitioner is not incarcerated a different set of forms are required to be completed by the Petitioner.  It is the sole responsibility of the Petitioner to maintain his current address on file with the Clerk of Court at times.   This may be accomplished by filing a notice change of address as necessary.

5.  **Failure to respond to this order as instructed will result in a recommendation of dismissal of this action for failure to prosecute and failure to comply with an order of this court.**

6.  The clerk shall notify chambers of the undersigned upon the filing of the amended complaint and motion for ifp or otherwise notify chambers no later than **NOVEMBER 26, 2008.**

**DONE AND ORDERED** this **_24_<sup>th</sup>**  day of October,  2008.

**_s/ A. KORNBLUM_**
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**